UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INNOVATIVE FABRICATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:19-cv-00521-JMS-TAB |
| | ) |
| ECI SOFTWARE SOLUTIONS, INC. | ) |
| d/b/a ECI M1 d/b/a BIRDDOG SOFTWARE | ) |
| CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Innovative Fabrication, LLC ("Innovative Fabrication") filed this lawsuit against ECI Software Solutions, Inc. d/b/a ECI M1[1] ("ECI Software") on January 31, 2019. [Filing No. 1.] After several deficient filings, Innovative Fabrication filed its Second Amended Complaint—the operative complaint—on February 5, 2019. [Filing No. 9.] But as of the date of this Order, ECI Software has not been properly served. As a result, on September 9, 2019, ECI Software filed a Motion to Dismiss for insufficient service of process, [Filing No. 18], which is now ripe for the Court's decision.

**I.**
**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) seeks dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden of ensuring service of the summons and complaint within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c). "To withstand a 12(b)(5) motion, the plaintiff bears the burden of proving the validity

---

[1] As discussed in more detail below, despite the caption, Birddog Software Corp. is unrelated to ECI Software.

1

of service." *Auld v. Ripco, Ltd.*, 2016 WL 3615715, at *2 (S.D. Ind. July 6, 2016) (citing *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011)). "In determining whether the plaintiff has properly served the defendant, the facts are viewed in a light most favorable to the non-moving party." *Id.* And though at least one court has held that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

## II.
### BACKGROUND

On January 31, 2019, Innovative Fabrication filed its initial Complaint. [Filing No. 1.] That Complaint was deficient in several ways, [Filing No. 5], and an Amended Complaint was filed on February 4, 2019, [Filing No. 7]. The Amended Complaint was stricken for an incorrect caption and insufficient jurisdictional allegations. [Filing No. 8.] On February 5, 2019, Innovative Fabrication filed a Second Amended Complaint. [Filing No. 9.]

From there, the filings become more perplexing and convoluted. Though Innovative Fabrication filed its Second Amended Complaint on February 5, 2019 it did not file a proof of service. In fact, no filings were made until June 28, 2019, when the Court issued an Order to Show Cause why this matter should not be dismissed for failure to file a proof of service within the 90 day limit of Rule 4(m). [Filing No. 10.]

On July 15, 2019, Innovative Fabrication filed both a Third Amended Complaint, [Filing No. 12], and a "Return of Service," [Filing No. 11]. The Third Amended Complaint was stricken because Innovative Fabrication failed to seek leave to amend pursuant to Rule 15(a)(2). [Filing

2

No. 14.] Additionally, the Return of Service was stricken as non-compliant.[2] [Filing No. 14.] Again, the Court ordered Innovative Fabrication to show cause why the matter should not be dismissed. [Filing No. 14.]

On August 9, 2019, Innovative Fabrication filed a "Status Report." [Filing No. 15.] In its Status Report, Innovative Fabrication asserted that it

> ha[d] mailed, via certified mail, return receipt requested, the Summons, along with a copy of the [already stricken] Third Amended Complaint and Exhibits thereto, to ECI Software Solutions, Inc. and ECI M1 to [e]nsure proper service and will file a Return of Service upon receipt of the same with the court.

[Filing No. 15 at 2.] Innovative Fabrication also assured the Court that its counsel and ECI Software's attorneys had discussed the matter and that ECI Software's attorneys agreed to file a responsive pleading on or before August 25, 2019.

Over the next month, nothing was filed. On September 9, 2019, ECI Software filed its Motion to Dismiss. [Filing No. 18.] On October 7, 2019, Innovative Fabrication filed its response, [Filing No. 20],[3] and ECI Software filed its reply on October 10, 2019, [Filing No. 22].

---

[2] The Court notes that the Return of Service—filed on July 15, 2019—alleged that "Service was perfected upon Birddog Software Corp" on February 8, 2019. [Filing No. 11 at 1.] In addition to the more technical—though certainly not trivial—reasons for the Court striking the Return of Service, there were other issues with that filing. First, Innovative Fabrication took more than five months after it claimed service was perfected to file its return of service. [Filing No. 11.] Second, and perhaps more importantly, Birddog Software Corp.—the entity upon which service was allegedly perfected—is unrelated to ECI Software Solutions, Inc. d/b/a ECI M1. [Filing No. 19 at 3.]

[3] October 7, 2019 was more than a week after the 21 day deadline by which Innovative Fabrication should have filed its Response. *See* S.D. Ind. R. 7-1(c)(2).

**III.**
**DISCUSSION**

In its Motion to Dismiss, ECI Software argues that Innovative Fabrication has failed to properly effect service since it filed its Second Amended Complaint on February 5, 2019. [Filing No. 19 at 1.] ECI Software further argues that Innovative Fabrication has not established—and cannot establish—good cause for its failure to perfect service. [Filing No. 19 at 5.] According to ECI Software, it is simple: Innovative Fabrication has "failed to comply with the applicable rules and the Orders of this Court, and . . . [Innovative Fabrication's] Second Amended Complaint should be dismissed." [Filing No. 19 at 7.]

In its response, Innovative Fabrication acknowledges that it "has not complied with Federal Rule 4(m)," but assures the Court that it "is taking steps to remedy this noncompliance immediately." [Filing No. 20 at 2.] Innovative Fabrication argues that "[j]udicial economy is certainly not served" by the Court dismissing the action because Innovative Fabrication will simply file "a new lawsuit asserting the same claims and leaving the parties to this litigation in the same position as [they are] today." [Filing No. 20 at 2.] Additionally, it argues that ECI Software was afforded "notice of this pending matter" when served with the already-stricken Third Amended Complaint[4] on August 19, 2019, because the allegations in the Third Amended Complaint and Second Amended Complaint "are essentially identical." [Filing No. 20 at 1.]

**A. Service**

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas*, 646 F.3d at 1004 (citing Fed. R. Civ.

---

[4] Though Innovative Fabrication's counsel acknowledges that the Second Amended Complaint should have been served, counsel maintains that it was a paralegal's mistake that resulted in the third Amended Complaint being served. Counsel is reminded he is ultimately responsible for all filings and case activity, and blaming a support staff person appears to ignore that responsibility.

P. 4(b), (c)(1)). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Alternatively, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

This case has been needlessly burdensome from the beginning. Setting aside the numerous filings the Court has already stricken, [*see* Filing No. 5; Filing No. 8; Filing No. 14], the Court is are left with a Second Amended Complaint that was filed February 5, 2019, [Filing No. 9]. It is now October 23, 2019—a full 260 days since the Second Amended Complaint was filed—and Innovative Fabrication has not shown that service of the Second Amended Complaint has been perfected (or even attempted since February 8). The Court has already issued two Orders to Show Cause. [Filing No. 10; Filing No. 14.] Innovative Fabrication failed to show perfected service or good cause both times. The Court is not inclined to permit round three.

It may be true that Innovative Fabrication will re-file its lawsuit upon its dismissal. [Filing No. 20 at 2.] But judicial economy is not served when litigants are permitted to remain in court despite consistent and seemingly inexorable failures to comply with the Rules of Civil Procedure and the Court's orders. At this point, ECI Software has been forced to engage counsel to defend a case in which the plaintiff has yet to properly effect service. Innovative Fabrication may elect to refile its lawsuit; Rule 4(m) accounts for that. *See* Fed. R. Civ. P. 4(m) (noting that the court "must dismiss the action *without prejudice*") (emphasis added). Moreover, that Innovative Fabrication (knowingly) served a stricken complaint with "essentially identical" allegations is not good cause to excuse its repeated failures.

5

Innovative Fabrication also argues that ECI Software is "on notice of this pending matter and the factual allegations made by Plaintiff against it" by way of the Third Amended Complaint. [Filing No. 20 at 2.] But Innovative Fabrication misunderstands the circumstances here. It is true that "[t]o satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claims showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)) (other citations omitted). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco*, 733 F.2d at 1089. But Innovative Fabrication sent ECI Software a version of its complaint it knew was ineffective and stricken. It should go without saying that the short and plain statement must be contained within a complaint that the Court has not already affirmatively stricken as improper. [*See* Filing No. 14 at 1.] Service of a stricken filing is not a minor technical violation of the rules. *Cf. Id.* at 1089. "Where there has been insufficient process, the court does not have personal jurisdiction over a defendant. Further, a defendant's actual notice of litigation is insufficient to satisfy Rule 4." *Auld*, 2016 WL 3615715, at *2 (S.D. Ind. July 6, 2016) (citations omitted).

The Rules of Civil Procedure are important, and they are not optional. They "govern the procedure in all civil actions and proceedings in the United States district courts, . . . [and] they should be construed, administered, and employed . . . to secure the *just, speedy, and inexpensive determination* of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). "[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored. This is particularly so when the means employed engenders the kind of confusion

. . . experienced here, leaving [defendants] without clear notice of the necessity to respond." *Armco*, 733 F.2d at 1089.

This case has now reached nine months, and it has yet to truly begin. During that time, ECI Software has engaged (and likely paid) counsel to defend it. Despite Innovative Fabrication's assurances that the Second and Third Amended Complaints are essentially identical,[5] it would be unjust to require ECI Software to defend against a lawsuit in which it has not been properly served with the operative complaint. This case presents exactly the sort of conduct that would leave any defendant confused as to which, if any, complaint requires a response.

### B. Innovative Fabrication's Truthfulness

Finally, the Court has serious concerns about Innovative Fabrication's counsel's[6] truthfulness. On several occasions, counsel's statements have been, at best, substantial misrepresentations and at worst, innovative fabrications. In the August 9 Status Report, counsel asserted that attorneys for ECI Software agreed to submit a responsive pleading by August 25, 2019, and that "counsel *has mailed* . . . the Summons along with a copy of the *Third* Amended Complaint" to ECI Software. [Filing No. 15 at 2 (emphasis added).] Instead, ECI Software's attorneys maintain that they made no such agreement (and in fact told counsel that ECI Software had *not* been served and would *not* waive service). [Filing No. 19 at 3.] Additionally, the August

---

[5] As discussed more below, Innovative Fabrication's filings have consistently misrepresented to the Court its own conduct and ECI Software's conduct. It would be unfair to require any litigant to simply trust that the operative complaint is "essentially identical" to the complaint it received. And given the circumstances of this case, the Court's requiring such blind faith would be reckless. The Court will not place such a burden on ECI Software.

[6] The Court recognizes that counsel has apologized to the Court and acknowledged that other issues might have created difficulties in this case. The Court commends counsel for seeking help and hopes that those issues are in the past. However, those issues do not excuse the noncompliance with the rules and repeated misrepresentations to the Court.

7

19 mailing of the Third Amended Complaint was postmarked August 12—*after* the filing of the Status Report in which counsel represented that counsel had mailed the Complaint. [Filing No. 19 at 3.] And worse, the Status Report's assurance that counsel had mailed the "Third Amended Complaint" directly contradicts Innovative Fabrication's Response to the Motion to Dismiss in which counsel blames his paralegal for erroneously sending the Third Amended Complaint instead of the Second Amended Complaint.[7] [Filing No. 15 at 2; Filing No. 20 at 1.] The Court reminds counsel that, like Rule 4, Rule 11 is not optional, and unlike Rule 4, Rule 11 is not so forgiving.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** ECI Software's Motion to Dismiss, [18], and **DISMISSES WITHOUT PREJUDICE** Innovative Fabrication's claims.

Date: 10/24/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

---

[7] The misstatements in Innovative Fabrication's Response do not end there. Following a similar trend, counsel assured the Court that it "is sending the Summons along with the Second Amended Complaint" to ECI Software, and that "Return of Service will be filed upon receipt of the same." [Filing No. 20 at 2.] As of the date of this Order, it has been more than two weeks since Innovative Fabrication filed its Response, and it has filed no Return of Service or any other documents showing an attempt at service.